IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL L. MAYES,

        Plaintiff,

v.

RYAN MULKINS, et al,

        Defendants.

Case No. 1:17-cv-01078-CL

OPINION AND ORDER

CLARKE, Magistrate Judge.

Plaintiff Michael Mayes, a self-represented litigant, brings claims against Ryan Mulkins, Tonya Henderson, Jess Elzy, Kevin Bliach, and the Josephine County Community Corrections (JCCC) for violations of his constitutional rights. The case comes before the Court on the defendants' motions to dismiss (#12, 14). Full consent to magistrate jurisdiction was given on October 10, 2017. For the reasons below, the motion is GRANTED and the case is dismissed with prejudice.

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## BACKGROUND

Plaintiff has filed multiple civil cases and been the defendant in multiple criminal cases that are relevant to the case at bar. In the interest of judicial efficiency, the Court will only discuss the civil cases, and only to the depth required to evaluate the issues raised here.

On September 30, 2014, Plaintiff Michael Mayes filed a complaint in Jackson County Circuit Court, Case No. 14-CV-14247, ("2014 State Case") alleging a Conspiracy to Deprive Plaintiff of his Constitutional Rights, and to "Void Judgments in Cases #11CV1080 and #12CR0337." A variety of defendants were named, including several judges and justices of the Oregon appellate and trial courts, the entire Josephine County DA's Office, OSP Detective Henderson, OSP Detective Elzy, Kevin Bliach, and several others, including multiple law offices. The complaint contained allegations of an illegal search and seizure and arrest on August 29, 2014. It alleged that the State of Oregon and its agents/employees "maliciously commenced their action - #14CR0681 – against plaintiff." Plaintiff then voluntarily dismissed the case, resulting in a general judgment of dismissal without prejudice on December 29, 2014. Plaintiff immediately appealed. The appeal was dismissed on May 13, 2015.

On December 24, 2014, Plaintiff filed a complaint in federal court, Civ. No. 1:14-cv-02642-CL ("2014 Federal Case)" alleging a variety of claims against some 27 defendants, including, again, several judges and justices of the Oregon appellate and trial courts, plus the Attorney General Ellen Rosenblum, and then-Governor John Kitzhaber. Among the other named defendants were the defendants named in this action as well. OSP Detectives Tonya Henderson and Jess Elzy, and Kevin Bliach, of the Adult Parole and Probation, of Josephine County

Community Corrections were named both in the original complaint (#1) and in the Second Amended Complaint (#23), and Ryan Mulkins, a prosecutor with the Josephine County D.A.'s office, was named in the Second Amended Complaint as well.

Plaintiff's 2014 Federal Case was complicated and included a wide variety of claims, many of which are not related to the case at bar. However, all of the defendants in the case at bar were named in that previous case, and the allegations against these defendants included violations of Plaintiff's civil rights under 42 U.S.C. § 1983 arising out of a series of incidents, including a "warrantless search and seizure" and his arrest on August 29, 2014.

Adopting in full a Report and Recommendation (#40) from this Court, the District Court dismissed Plaintiff's 2014 Federal Case with prejudice because of the *Rooker-Feldman* Doctrine and due to claim preclusion. Plaintiff timely appealed, but his request to proceed in forma pauperis was denied because the appeal was found to be frivolous. Thereafter Plaintiff failed to perfect his appeal by paying the filing fee, and the appeal was dismissed.

## DISCUSSION

**I. Plaintiff's Complaint should be dismissed because his claims are barred by claim preclusion.**

Claim preclusion "prohibits a party from re-litigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or. 504, 510 (2005). The Oregon Supreme Court has consistently defined "claim preclusion" as follows:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on res judicata grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Id.* at 510–11 (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323 (1982)). A party is foreclosed from litigating the same claim "on any ground or theory of relief that the party could have litigated in the first instance." *Id.* at 511. "[C]ourts employ a broad definition of what could have been litigated." *Drews v. EBI Companies*, 310 Or. 134, 141 (1990). "Claim preclusion does not require actual litigation of an issue of fact or law ... [n]or does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." *Id.* at 140. Claim preclusion does, however, require that the plaintiff had, in the former case, "[t]he opportunity to litigate ..., whether or not it is used." *Id.* There also must be finality. *Id.*

Additionally, a plaintiff that sues the same defendants in a second case, "attempting to bring different claims, or is raising different theories of liability . . . is still precluded as these were 'ground[s] or theor[ies] of relief that [he] could have litigated in the first instance.'" *Ramirez v. Adventist Med. Ctr.*, No. 3:17-CV-831-SI, 2017 WL 4798996, at *2 (D. Or. Oct. 24, 2017) (*citing Bloomfield*, 339 Or. at 511)). In other words, if the plaintiff brings claims against the same defendants for issues that were related to the factual transaction in first case, even if those claims were not brought in the first case, the new claims are barred by claim preclusion because they could have been brought the first time.

In the case at bar, this is now the third civil case in which Plaintiff has attempted to allege claims against the defendants arising out of the August 29, 2014 incidents. In fact, Plaintiff concedes that he brings claims against the defendants for actions that arose out of the same facts as the claims he brought against them in the 2014 Federal Case. He argues that the 2014 Federal case was dismissed for reasons of the *Rooker-Feldman* Doctrine, and therefore those claims must have been based on challenges to his state court judgments. Because the claims he brings in this

case are not based on challenges to his state court judgments[1], he argues that these claims "have not yet been litigated on the merits." The Court disagrees. Plaintiff clearly alleged violations of his civil rights arising out of the August 29, 2014 incident against the defendants, and the federal court entered a final, appealable judgment against him regarding such claims. Whether or not the claims were litigated "on the merits," as defined by Plaintiff, the claims in the case at bar are, at the very least, related to the allegations brought in both 2014 civil cases, and they could have been brought at that time. Thus, they are now barred by claim preclusion.

Additionally, several of the claims are barred for other reasons. Each claim is identified and the reason for dismissal discussed briefly below.

## II. Claims brought against Defendant Mulkins are barred by claim preclusion and prosecutorial immunity.

In his 2014 Federal Case, Plaintiff alleged that on September 2, 2014, Defendants Mulkins "knowingly and intentionally acquired false statements from his witnesses known as Henderson and Elzy to use in his prosecution [in Josephine County Case 14-CR-0681]." The claims against Defendant Mulkins in the case at bar stem from the same prosecution – Josephine County Case 14-CR-0681. Plaintiff claims that Mulkins conspired during that case with Plaintiff's attorney to deter Plaintiff from attending court by intimidation and threats of jail time. Therefore, to the extent that these claims arise out of the same factual transaction – the same prosecution and criminal proceeding – as the claims brought in the 2014 Federal Case, res judicata, or claim preclusion, bars such claims.

Additionally, Mulkins is entitled to prosecutorial immunity. A prosecutor is absolutely immune when acting as an advocate for the state by engaging in conduct that is "intimately

---

[1] For instance, his claim that law enforcement officers violated his 4th amendment rights against unlawful search and seizure on August 29, 2014 is not based on a challenge to any state court conviction or judgment.

Page 6 – OPINION AND ORDER

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). This means that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial immunity protects the prosecutor in her role as an advocate even if she acted in clear violation of law, or even "with an improper state of mind or improper motive." *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir. 2005) (citing *Bernard v. Cnty. of Suffolk*, 356 F.3d 495 (2d Cir. 2004)). In *Imbler v. Pachtman*, the Supreme Court held that a prosecutor was entitled to absolute immunity for "initiating a prosecution and in presenting the State's case." 424 U.S. 409. The Court found that prosecutorial immunity protected even the knowing use of false testimony at trial and deliberate suppression of exculpatory evidence. *Id.*

Because all of Plaintiff's claims arise out of Mulkins' prosecutorial actions, those actions are entitled to prosecutorial immunity. Therefore, all claims against Defendant Mulkins are dismissed.

### III. Claims brought against defendants Henderson and Elzy are barred by claim preclusion.

In his 2014 Federal Case, Plaintiff alleged that on August 29, 2014 State Defendants Henderson and Elzy "did knowingly and intentionally – without probable cause – enter and remain on Plaintiffs' property resulting in the unlawful arrest and incarceration of Mr. M. Mayes." The claims against Henderson and Elzy in the current case are substantially identical. Plaintiff argues that such claims are not barred by the *Rooker-Feldman* doctrine, and the Court agrees. However, to the extent that these claims were or could have been brought in the 2014 Federal Case, they are now barred by claim preclusion, as discussed above.

### IV. Claims against Josephine County Community Corrections are dismissed.

Plaintiff alleges a *Monell* claim[2] against the Josephine County Community Corrections. Plaintiff claims that JCCC "has a custom/policy of allowing its officers to enter a client's property prior to consent by said individual, and without first obtaining a proper warrant." He asserts that "Defendant [JCCC] has failed to properly train its agents that the United States Constitution prohibits unlawful searches and seizures of real property." Complaint ¶13. Plaintiff alleges that "on several different occasions, Mr. Scaglione (Plaintiff's probation officer at the time) visited Plaintiff's property without consent or warrant(s). On several occasions Mr. Scaglione was accompanied by a supervisor, Mr. Calvert." *Id.* Plaintiff claims that the failure to provide adequate training "has resulted in Plaintiff's constitutional rights being violated." *Id.*

The only other concrete factual allegations listed with this claim, however, are the facts regarding the August 29, 2014 incident and arrest. Plaintiff's Complaint states:

> On August 29, 2014, at approximately 1:15 PM, Defendants Henderson, Elzy, and Bliach agreed to violate Plaintiff's rights under the Fourth and Fourteenth Amendments. Defendant Elzy positioned himself in front the yard of Plaintiff's residence; Defendant Bliach on the side; and Defendant Henderson in the back yard behind a pear tree. Consequently, said defendants illegally entered Plaintiff's property which resulted in Plaintiffs illegal arrest and incarceration. Defendants failed to obtain a [s]earch warrant or to first obtain Plaintiff's consen[t].

Complaint ¶12 (alterations in original). Plaintiff also claims that, "In furtherance of the afore mentioned conspiracy, on February 25, 2015, an arrest warrant was issued for Plaintiff's arrest

---

[2] Under § 1983, a municipality cannot be held liable for the tortious actions of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Municipalities can be held liable, however, where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where the action is made "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690–91.

for failure to appear in case 14cr0681. Said warrant was applied for by Defendant Mulkins when he had no probable cause to prosecute his case." Complaint ¶14.

First, Plaintiff's claims against JCCC that are based on actions by Mr. Scaglione, and Mr. Calvert fail to state a plausible claim for relief under the federal pleading standards. Merely "visiting Plaintiff's property without consent or warrant(s)" does not violate any of Plaintiff's constitutional rights. Plaintiff makes no claim of search or seizure, or even entry into his residence regarding such "visits." Second, the allegations regarding the August 29, 2014 incident have already been raised previously and dismissed for the reasons discussed above. Third, the fact that a warrant was issued on February 25, 2015 raises a presumption of probable cause for Plaintiff's arrest on that occasion. As discussed at length in Plaintiff's prior attempts to litigate such actions, challenging the decisions of the state court by filing claims in federal court amounts to an improper collateral attack, in contravention of the *Rooker-Feldman* Doctrine.

Defendant JCCC also raises the issue of the claims against it, and all claims in Plaintiff's complaint, being time-barred by the applicable statute of limitations. Indeed, as Plaintiff acknowledges, the applicable statute of limitations is two years, and all the facts contained in Plaintiff's complaint are alleged to have occurred on February 25, 2015 or earlier, with most of the crucial facts taking place August 29, 2014. Thus, the time to file these claims ran out on February 25, 2017, or earlier. Because Plaintiff's complaint was not filed until July 12, 2017, the Court agrees that his claims are likely time-barred by the statute of limitations.

Plaintiff claims that the Court should apply equitable tolling because the deputy district attorney, defendant Mulkins, allegedly threatened him with jail time in his criminal case, 14-CR-0681. Plaintiff claims that Mulkins "made it clear that he didn't want to hear about any more lawsuits being filed by Plaintiff." Because the Court has already found that the claims in the

complaint should be dismissed, the Court will not address the statute of limitations issue. However, it does appear that the statute has run on the claims alleged, and the arguments raised by Plaintiff in his briefing do not appear to be sufficient to result in equitable tolling.

### V. Plaintiff's complaint should be dismissed with prejudice.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

In this case, even if the pleadings are construed liberally and Plaintiff is given the benefit of any doubts, there is no amendment that will allow him to bring claims arising out of the factual transaction – the August 29, 2014 incident and subsequent arrest and prosecution. Therefore, because amendment would be futile, and for the other reasons discussed above, dismissal of this case is with prejudice, and Plaintiff will not be given leave to file an amended complaint.

### ORDER

For the reasons stated above, the defendants' motions to dismiss (#12, 14) are GRANTED, and the case is dismissed with prejudice.

It is so ORDERED and DATED this 18 day of December, 2017.

MARK D. CLARKE
United States Magistrate Judge